IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIMA AGIM, A/K/A CHIGA OGUERI AGIM, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-19-2669 | |
| § | | |
| HOWARD ROSE, *ET AL.*, § | | |
| § | | |
| *Defendants.* § | | |

### ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se,* originally filed this civil action in the Northern District of California. The California court transferred the case to this Court. Plaintiff did not pay the filing fee, and he impliedly seeks leave to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, barred by immunity, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury" at the time of filing. *See* 28 U.S.C. § 1915(g).

While incarcerated, plaintiff has filed at least five civil actions or appeals that have been dismissed as frivolous, malicious, barred by immunity, or for failure to state a claim. *See Agim v. Taliferro*, C.A. No. 00-CV-427 (E.D. Tex. Feb. 20, 2001) (dismissed as frivolous and malicious); *Agim v. Taliferro*, Appeal No. 01-40253 (5th Cir. Aug. 19, 2002) (appeal

dismissed as frivolous); *Agim v. Scroggins*, C.A. No. 01-CV-312 (E.D. Tex. July 13, 2001) (dismissed as frivolous); *Agim v. Scroggins*, Appeal No. 01-41153 (5th Cir. Apr. 11, 2002) (appeal dismissed as frivolous); *Agim v. Rose*, C.A. No. H-15-02575 (S.D. Tex., Oct. 26, 2015) (dismissed as barred by immunity).

Plaintiff's complaint does not show that he was in imminent danger of serious physical injury at the time it was filed, and plaintiff may not proceed *in forma pauperis* in this lawsuit. 28 U.S.C. § 1915(g).

This lawsuit is DISMISSED WITHOUT PREJUDICE pursuant to the three strikes provision of 28 U.S.C. § 1915(g).[1] Any and all pending motions are DENIED AS MOOT. Plaintiff may reinstate this case upon payment of the full filing fee within twenty-eight days from date of this dismissal.

Signed at Houston, Texas on July 24, 2019.

	Gray H. Miller
	Senior United States District Judge

---

[1] To any extent this lawsuit may be construed as seeking habeas relief under section 2241 or 2254, petitioner is barred by the Fifth Circuit Court of Appeals from seeking habeas relief until he has paid the $200.00 monetary sanction imposed by that court in *Agim v. Thaler*, Appeal No. 11-10814 (5th Cir. Feb. 2, 2012). The Fifth Circuit's docket does not show that the monetary sanction has been paid.